UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:14-CR-168-T-17TGW

CHRIS CHARLES WISE.

_____/

ORDER

This cause is before the Court on:

Dkt. 41   Motion for Review of Jail Time Credit

Defendant Chris Charles Wise, pro se, requests review of jail time credit. Defendant Wise states that Defendant Wise was sentenced in this federal case, and then was sentenced by the Florida Department of Corrections; Defendant Wise further states that Defendant Wise signed an agreement to have the Florida and federal time run concurrently. Defendant Wise states that Defendant Wise is missing 22 months of jail time credit.

Defendant Wise was sentenced on October 14, 2014 on Counts One and Two of the Indictment to sixty-three months imprisonment, to run concurrently, with credit for time served to be calculated by the United States Bureau of Prisons, and to thirty-six months of supervised release on Counts One and Two, to run concurrently. (Dkts. 32, 35). Counsel for Defendant Wise orally moved for downward departure; the Court granted a two level downward departure (Dkt. 36, p. 3). Defendant's counsel noted no objection to the sentencing proceeding.

The Attorney General, through the Bureau of Prisons, and not the district courts, is authorized under 18 U.S.C. Sec. 3585(b) to compute sentence credit awards after sentencing. The Attorney General delegated his authority in this area to the BOP. See

Case No. 8:14-CR-168-T-17TGW

United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir. 1990). The Eleventh Circuit Court of Appeals has held that the granting of credit for time served is in the first instance, an administrative, not a judicial, function. United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989). Further, an inmate must exhaust his administrative remedies with the BOP before seeking judicial relief. United States v. Lucas, 898 F.2d 1554, 1555 (11th Cir. 1990); 28 C.F.R. Sec. 542.10, et seq. The district court does not have jurisdiction to consider a defendant's claim if he fails to exhaust his administrative remedies. Id.

Defendant Wise does not allege that Defendant Wise has exhausted Defendant's administrative remedies with the Bureau of Prisons.

After consideration, the Court denies Defendant Wise's Motion without prejudice for lack of jurisdiction. Accordingly, it is

**ORDERED** that pro se Defendant Chris Charles Wise's Motion for Review of Jail Time Credit (Dkt. 41) is **denied** without prejudice for lack of jurisdiction; Defendant Wise **shall exhaust** all administrative remedies that are available with the Bureau of Prisons. The Clerk of Court **shall provide** a copy of this Order to pro se Defendant Wise by U.S. Mail at the address below.

Case No. 8:14-CR-168-T-17TGW

**DONE and ORDERED** in Chambers in Tampa, Florida on this 24th day of May, 2017.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Chris Charles Wise
60658-018
Federal Correctional Institution Elkton
P. O. Box 10
Lisbon, OH 44432